

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRIAN P. ENGEL,**

Petitioner,

v.                                                          Civil Action No. **3:13CV708**

**HAROLD CLARKE,**

Respondent.

## MEMORANDUM OPINION

Brian P. Engel, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of Southampton County, Virginia ("Circuit Court") for assault and battery of a law enforcement officer. In his § 2254 Petition, Engel argues entitlement to relief based upon the following grounds:

> Claim One: Counsel rendered ineffective assistance[1] "for failing to investigate a defense or the evidence." (§ 2254 Pet. 6.) Specifically:
> (a) counsel failed to argue that the Commonwealth had no physical evidence;
> (b) counsel failed to obtain a videotape of the incident; and,
> (c) counsel failed to investigate why the victim took no pictures of his wet uniform nor sent the uniform to be tested.
>
> Claim Two: Counsel rendered ineffective assistance "for failing to investigate a witness and prepare for trial." (*Id.* at 12.) Counsel failed to:
> (a) interview Officer Vaughan and Magruder;
> (b) conduct an adequate investigation or develop defense strategy; and,
> (c) consult with Engel.
>
> Claim Three: Counsel rendered ineffective assistance on appeal.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Respondent moves to dismiss the § 2254 Petition on the grounds that Engel's claims lack merit.[2] Engel has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court sentenced Engel to an active sentence of one year and six months of incarceration. *Commonwealth v. Engel*, Nos. CR09000547–00 and CR09000548–00, at 1–2 (Va. Cir. Ct. July 6, 2010).[3] The Court of Appeals of Virginia granted Engel's petition for appeal on his challenge to the sufficiency of the evidence. *Engel v. Commonwealth*, No. 1659-10-1, at 1 (Va. Ct. App. Apr. 5, 2011). The Court of Appeals of Virginia subsequently found Engel's challenge lacked merit and affirmed his conviction. *Engel v. Commonwealth*, No. 1659-10-1, at 1 (Va. Ct. App. Oct. 4, 2011). The Supreme Court of Virginia refused Engel's petition for appeal. *Engel v. Commonwealth*, No. 111947, at 1 (Va. Apr. 3, 2012).

Engel filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising the ineffective assistance claims in the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 9–17, *Engel v. Dir. of the Dep't of Corr.*, No. 121384 (Va. filed Aug. 13, 2012).[4]

---

[2] The parties do not dispute that Engel has properly exhausted his claims. Respondent, however, asserts that Engel improperly "seeks to amplify the factual bases in support of those claims beyond what he presented to the Supreme Court of Virginia." (Br. Supp. Mot. Dismiss ¶ 7 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)). As explained below, even considering any new facts and allegations, Engel still fails to demonstrate entitlement to relief. Engel's new facts and allegations are both repetitive and conclusory.

[3] The Circuit Court also convicted Engel of misdemeanor assault and battery of inmate Magruder and sentenced him to thirty days for that conviction. *Engel*, Nos. CR09000547–00 and CR09000548–00, at 1–2; (*see* Apr 22. 2010 Tr. 3). Engel lists only the felony assault and battery of a law enforcement officer conviction as the conviction he challenges in the instant action. (§ 2254 Pet. 1.)

[4] In his state habeas petition, Engel listed four general claims or categories of claims that are reduced to three general claims in the instant § 2254 Petition. Engel combines the arguments

2

Finding that Engel failed to demonstrate ineffective assistance of trial or appellate counsel, the Supreme Court of Virginia dismissed his petition. *Engel v. Dir. of the Dep't of Corr.*, No. 121384, at 1–8 (Va. Apr. 12, 2013).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

---

in Claims Two and Three in his state petition to form Claim One (a) and Claims Two (a) through (c) of his § 2254 Petition.

3

## III. SUMMARY OF THE EVIDENCE

The majority of Engel's ineffective assistance of counsel claims are repetitive and stem from his belief that insufficient evidence existed to convict him of assault and battery of the law enforcement officer because the liquid Engel threw never hit Deputy Vaughan. The Court of Appeals of Virginia found sufficient evidence existed to convict Engel and summarized the evidence of Engel's guilt as follows:

> At trial, the Commonwealth introduced evidence that appellant, a county inmate, threw a mixture of water, salt, hot sauce, and maple syrup on Deputy Vaughan and another inmate, Magruder. The incident happened as Deputy Vaughan escorted Magruder back from a haircut. When the liquid hit Magruder, the two inmates exchanged angry words. Appellant splashed Magruder from "head to toe" and Vaughan from head to knee level. When appellant sprayed Magruder, he stood approximately one foot from appellant. Vaughan followed Magruder by approximately two feet, plainly visible and wearing his deputy's uniform.
> 
> Hostility between Magruder and appellant pre-existed this encounter. Appellant testified in his defense that he had not intended to hit Vaughan with the liquid. Indeed, appellant testified there was "no way" that he could have splashed Vaughan. When asked if appellant had any reason to be unhappy with Vaughan, appellant answered, "Just denying my request to go work as hall and dining [sic] and a lot of other requests." He stated that he did not hold any animosity against Deputy Vaughan, and Vaughan likewise testified that he did not believe that appellant threw the liquid out of animosity against him.
> 
> Code § 18.2–57(C) penalizes an assault or an assault and battery against a law-enforcement officer as a felony. "Assault and battery is 'the least touching of another, willfully or in anger.'" *Perkins v. Commonwealth*, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (quoting Roger D. Groot, *Criminal Offenses and Defenses in Virginia* 29 (4th ed. 1998)). "Willfully" in this context means "'designedly,' 'intentionally' or 'perversely.'" *Lynch v. Commonwealth*, 131 Va. 762, 766, 109 S.E. 427, 428 (1921) (quoting 4 *Words & Phrases* 1293 (2d ser.)).
> 
> "'The slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Adams v. Commonwealth*, 33 Va. App. 463, 469, 534 S.E.2d 347, 350 (2000) (quoting *Crosswhite v. Barnes*, 139 Va. 471, 477, 124 S.E. 242, 244 (1924)) (alteration in original). The law presumes such touching to inflict an injury "'to the feelings or mind.'" *Lynch*, 131 Va. at 765, 109 S.E. at 428 (quoting 2 *American & English Encyclopedia of Law* 955 (2d ed. 1896)).
> 
> A necessary element of assault and battery is intent, either an actual intent to harm or an intent imputed by law. *Davis v. Commonwealth*, 150 Va. 611, 617, 620, 143 S.E. 641, 643, 644 (1928); *see also Adams*, 33 Va. App. at 468, 534

4

> S.E.2d at 350 ("Whether a touching is a battery depends on the intent of the actor, not on the force applied."). A battery may be inflicted "'in a spirit of rudeness or insult,'" without any intent to harm. *Perkins*, 31 Va. App. at 330, 523 S.E.2d at 513 (quoting Groot, *supra*, at 29 (footnote omitted)). "'A person may commit a crime with more than one purpose . . . .'" *Herrel v. Commonwealth*, 28 Va. App. 579, 588, 507 S.E.2d 633, 637 (1998) (quoting *Hughes v. Commonwealth*, 18 Va. App. 510, 530–31, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring)).
>
> Intent "may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it." *Adams*, 33 Va. App. at 471, 534 S.E.2d at 351. "Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and 'the finder of fact may infer that [he] intends the natural and probable consequences of his acts.'" *Id.* (quoting *Campbell v. Commonwealth*, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)) (alteration in original).
>
> Appellant threw the mixture in the direction of both Magruder and Vaughan as Vaughan stood only three feet away; thus the natural and probable consequence of his action was to spray both people. Appellant willfully struck out, regardless of who was at risk other than Magruder.[5] The natural and probable consequence of appellant's action was to spray Vaughan and he did so in a "spirit of rudeness or insult." Therefore, the evidence was sufficient to support his conviction.

*Engel v. Commonwealth*, No. 1659-10-1, at 2–4 (Va. Ct. App. Oct. 4, 2011) (alterations and omissions in original) (footnote number altered).

Faced with consistent, unfavorable evidence of his client's guilt, counsel pursued a line of defense that Engel intended to hit only Magruder with the liquid, and thus, lacked the requisite intent for a conviction of assault on a law enforcement officer. However, under Virginia law, the

---

[5] Subsection (C) of Code § 18.2-57, prohibiting assault of a law enforcement officer, does not require that a person "intentionally select" the victim due to his or her status as such. In contrast, subsections (A) and (B) of Code § 18.2-57 provide:

> A. Any person who commits a simple assault or assault and battery shall be guilty of a Class 1 misdemeanor, and if the person intentionally selects the person against whom a simple assault is committed because of his race, religious conviction, color or national origin, the penalty upon conviction shall include a term of confinement of at least six months . . . .
>
> B. However, if a person intentionally selects the person against whom an assault and battery resulting in bodily injury is committed because of his race, religious conviction, color or national origin, the person shall be guilty of a Class 6 felony . . . .

5

doctrine of transferred intent permitted the fact finder to transpose Engel's criminal intent to harm Magruder to another, unintended, but harmed victim, Vaughan. *See, e.g., Moore v. Commonwealth*, No. 1006-11-1, 2012 WL 2551176, at *3 (Va. Ct. App. July 3, 2012) (alterations and emphasis in original) (citation omitted) (internal quotation marks omitted) ("It is fairly clear when the defendant intends [a criminal act] his intention will be transferred to make him liable for [the unintended crime], *provided that the harm is direct and immediate, i.e., within the scope of the [intended crime]*"); *Blow v. Commonwealth*, 665 S.E. 2d 254, 258 (Va. Ct. App. 2008) (citation omitted) (internal quotation marks omitted) ("[I]f an accused attempts to injure one person and an unintended victim is injured because of the act, the accused's intent to injure the intended victim is transferred to the injury of the unintended victim, even though this wounding was accidental or unintentional"). Thus, because the assault of Vaughan "was a natural and probable consequence" of Engel's assault on Magruder, the doctrine of transferred intent supported his conviction of an assault on Vaughan. *See Moore*, 2012 WL 2551176, at *3.

## IV. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim One (a) through (c), Engel argues that counsel rendered ineffective assistance by "failing to investigate a defense or the evidence." (§ 2254 Pet. 6.) Specifically, Engel faults counsel for failing to require the Commonwealth to offer "physical evidence" (Claim One (a)) (*id.*), including the videotape from the camera in the cell block (Claim One (b)), or photographs of the officer's wet uniform (Claim One (c)).

In Claim One (a) Engel first argues that counsel rendered ineffective assistance because he failed to argue that the Commonwealth put forth no forensic or physical evidence to support the allegation that Engel hit Vaughan with the liquid that he threw at Margruder. (*Id.*) In finding this claim lacked merit, the Supreme Court of Virginia stated:

> The Court holds that this [claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcript, demonstrates that counsel chose to argue at trial that petitioner lacked the intent to hit Vaughan with the liquid and only meant to strike Inmate Magruder. This trial strategy was reasonable in light of Magruder's corroborating testimony that Vaughan's uniform was wet after the incident. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Engel v. Dir. of the Dep't of Corr.*, No. 121384, at 5 (Va. Apr. 12, 2013). Engel fails to demonstrate the Supreme Court of Virginia's conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)–(2). As discussed more thoroughly below, Engel demonstrates no deficiency of counsel or resulting prejudice as both Vaughan and Magruder consistently testified that the liquid hit Vaughan. Claim One (a) will be DISMISSED.

7

In Claim One (b), Engel argues that the videotape from the camera in the cell blocks would have discredited Vaughan's and Magruder's testimony. Engel contends for the first time in his § 2254 Petition that the tape would demonstrate that: (1) Vaughan stood four to six feet away, not two and a half feet away, when Engel threw the liquid; (2) the liquid failed to hit Vaughan; and, (3) Magruder committed perjury by testifying that the liquid hit Vaughan. (§ 2254 Pet. 6–11). Counsel reasonably eschewed seeking a videotape from the cell block. Four witnesses, including Engel himself, testified that Engel intentionally threw liquid at Magruder. (Apr. 22, 2010 Tr. 53, 58–59). Engel also admitted that he decided to throw the liquid at Magruder knowing that Deputy Vaughan was escorting Magruder and stood less than four feet away. (Apr. 22, 2010 Tr. 58–59). In light of Engel's admissions, counsel cannot be faulted for failing to obtain a videotape from the cell block.

Engel also fails to establish any prejudice from counsel's failure to obtain a videotape from the cell block. First, Engel's speculation about what the videotape would show fails to provide a viable basis for an ineffective assistance of counsel claim. *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring habeas petitioner to proffer "concrete evidence" of exculpatory nature to support his ineffective assistance claim). Second, the Circuit Court heard and rejected Engel's assertion that Vaughan lied about the liquid hitting him. Engel testified in his own defense that Vaughan stood further away than stated and that no liquid hit Vaughan. Engel testified:

> When Deputy Vaughan described where he was at, he was more than -- about four feet apart and Magruder and me were about a foot apart, facing each other. Magruder's mouth was open when I hit him.
> . . . .
> . . . I yelled his name, he turned and went to say something and I hit him then. I'm not arguing that I didn't do it, but a foot apart, I threw it straight at him with a little bit of force. The TV was right behind Mr. Magruder. Vaughan was over on the other side of the number two window. There is no way that I could

8

> have splashed Mr. Magruder and hit Mr. Vaughan that was about four feet away without hitting the TV, the windows and even the floor behind Mr. Magruder.
>
> When it was all said and done, the water that hit Mr. Magruder came back inside the bars. There was no water around where Mr. Vaughan was standing, or Sheriff Deputy Vaughan was standing, on the floor, on the walls. His uniform was still the same color it was now.

(Apr. 22, 2010 Tr. 53–54.) Counsel also elicited testimony from defense witness Bell that he observed no liquid hit Vaughan. (Apr. 22, 2010 Tr. 46.) After hearing the evidence, the judge declined to credit Engel's and Bell's testimony in light of Magruder's and Vaughan's consistent testimony that the liquid hit Vaughan. (Apr. 22, 2010 Tr. 12–13, 19, 23, 27.) Accordingly, Engel demonstrates no deficiency of counsel or resulting prejudice from counsel's failure to obtain a videotape from the cell block. Claim One (b) lacks merit and will be DISMISSED.

In Claim One (c), Engel complains that counsel failed to investigate why Vaughan took no photographs documenting that his uniform was wet and failed to send the uniform out for forensic testing. (§ 2254 Pet. 6–7.) In dismissing this claim for lack of merit, the Supreme Court of Virginia found:

> The Court holds that [this claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. Petitioner fails to proffer what information counsel would have obtained had he questioned Vaughan's subjective decision not to take pictures of his uniform or send the uniform for forensic testing after petitioner threw a liquid that struck Vaughan's uniform. The record, including the trial transcript, demonstrates that Vaughan's testimony that his uniform was hit with the liquid and was wet after the incident was corroborated by Inmate Magruder's testimony that he could see the liquid splattered all over Vaughan's uniform. The composition of the liquid petitioner threw was not relevant to the charge against petitioner, and Vaughan acknowledged in his testimony that he was not aware of the contents of the liquid. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Engel*, No. 121384, at 4. The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Engel fails to

9

demonstrate any deficiency of counsel or resulting prejudice in light of the ample evidence of his guilt. Claim One (c) will be DISMISSED.

In Claim Two (a) through (c), Engel faults counsel for "failing to interview witnesses and prepare for trial." (§ 2254 Pet. 12.) Engel first contends in Claim Two (a) that counsel should have interviewed Deputy Vaughan and Magruder in order to discredit their testimony during trial. (§ 2254 Pet. 14–15.) The Supreme Court of Virginia aptly summarized Engel's claim and found its lack of merit:

> Petitioner contends counsel did not ascertain what the Commonwealth's witnesses' testimony would be prior to trial, which compromised counsel's ability to cross-examine the witnesses. Petitioner further contends counsel did not know what Vaughan planned to say at the preliminary hearing. With the proper investigation, petitioner asserts counsel could have "destroyed" Vaughan's testimony and impeached the Commonwealth's key witnesses.
>     The Court holds that [Petitioner] satisf[ies] neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. Petitioner fails to identify what information counsel would have uncovered had he interviewed Deputy Vaughan . . . or Inmate Magruder. Further, petitioner fails to proffer what areas of cross-examination counsel would have been able to pursue or how the witnesses' testimony would have been subject to attack had counsel conducted additional investigation. The record, including the trial transcript, demonstrates that counsel was able to question Vaughan about his preliminary hearing testimony at trial, and petitioner does not allege what additional questioning counsel could have conducted had he known of Vaughan's testimony prior to the preliminary hearing. The record further demonstrates that Vaughan's testimony was corroborated at trial by Inmate Magruder's testimony. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Engel*, No. 121384, at 2–3. The Supreme Court of Virginia's decision neither rests on an unreasonable application of the law nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Engel believes that, had counsel interviewed Vaughan and Magruder prior to trial, counsel could have discredited their trial testimony about the distance between Vaughan, Magruder, and Engel, and proved that no liquid hit Vaughan. First, Engel fails to

10

proffer why Vaughan and Magruder would have provided counsel with different information than they testified to at the preliminary hearing and at trial. The two witnesses testified consistently on direct and cross-examination about the liquid hitting Vaughan and the approximate distance between Vaughan, Magruder, and Engel. (Apr. 22, 2010 Tr. 12–13, 17, 27). Second, Engel demonstrates no prejudice from any purported error of counsel, in light of the ample and consistent evidence of his guilt. Claim Two (a) lacks merit and will be DISMISSED.[6]

In Claim Two (b), Engel vaguely suggests that counsel failed to conduct an adequate investigation and develop a defense strategy. (§ 2254 Pet. 16–17.) In rejecting this claim, the Supreme Court of Virginia found:

> The Court holds that [this claim] satisf[ies] neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcript, demonstrates that counsel argued in a motion to [strike] and in closing that petitioner lacked the requisite intent to commit assault and battery against Deputy Vaughan. Counsel elicited testimony that petitioner intended to strike Inmate Magruder with the liquid, not Vaughan, and that petitioner had no animosity toward Vaughan. This strategy was reasonable in light of the testimony from Vaughan and Magruder that Vaughan had been struck by the liquid while escorting Magruder down the hall. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Engel*, No. 121384, at 3–4. The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Engel fails to proffer what viable strategy counsel omitted in light of the consistent evidence that Engel threw liquid at

---

[6] Engel also argues for the first time in his § 2254 Petition that counsel failed to interview defense witness Bell. (§ 2254 Pet. 15–16.) Engel claims that Bell would have told counsel that Vaughan was not hit with liquid and that McGruder harbored animosity toward Engel. (*Id.* at 16.) However, counsel elicited testimony from Bell that he did not see the liquid hit Vaughan (Apr. 22, 2010 Tr. 46) and that Magruder disliked Engel (Apr. 22, 2010 Tr. 35). Thus, Engel fails to establish any deficiency of counsel or resulting prejudice based counsel's alleged failure to interview Bell.

11

Magruder and the liquid also hit Vaughan who stood nearby. Counsel prudently pursued a defense that Engel lacked the requisite intent to assault Vaughan based on the evidence. Engel demonstrates no deficiency of counsel or resulting prejudice. Claim Two (b) will be DISMISSED.

In Claim Two (c), Engel argues that counsel rendered ineffective assistance because he failed to consult sufficiently with Engel causing counsel to perform an inadequate investigation and to develop poor trial strategy. (§ 2254 Pet. 15–16.) In rejecting this claim, the Supreme Court of Virginia found:

> The Court holds that this [claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. Petitioner acknowledges that counsel met with him twice before the preliminary hearing and communicated with petitioner by letter at least once. Petitioner fails to identify what additional information counsel would have obtained had he met with petitioner more often, what leads counsel failed to pursue, or what corroborating evidence was available that counsel did not present. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Engel*, No. 121384, at 5. For the first time in his § 2254 Petition, Engel claims that had counsel adequately consulted with him, he would have told counsel that Vaughan's uniform was not wet, that Vaughan stood further back than stated, that the jail had a camera system that would have corroborated Engel's contentions, and that Vaughan took no photographs of his wet uniform. (§ 2254 Pet. 16–17.) Engel's new proffer of the additional information counsel would have obtained, but for his failure to have additional meetings with Engel, fails to alter the Supreme Court of Virginia's reasoned conclusion. As explained above, in light of the consistent evidence that Engel intentionally threw liquid at Magruder, and the liquid hit Vaughan who was standing nearby, counsel reasonably eschewed pursuing a line of defense that no liquid hit Vaughan.

Moreover, Engel demonstrates no prejudice from counsel's purported failure to consult adequately with him. Claim Two (c) will be DISMISSED.

In Claim Three, Engel faults appellate counsel for failing to consult with him about the issues counsel raised on appeal. (§ 2254 Pet. 19–21.) Engel claims that counsel failed to "argue[ ] any of Mr. Engel's points" that he identified in a letter to counsel, and instead argued "the defense of 'Intent.' A defense that had not worked at trial and had a very minimal chance of working in the direct appeal." (*Id.* at 20.) Engel contends that counsel should have argued that "there had to [be] an overt act" that placed the victim in fear of bodily harm, and Vaughan never testified to fear of bodily harm, and that no liquid hit Vaughan. (*Id.* at 20–21.) The Supreme Court of Virginia rejected this claim, finding:

> The Court holds that claim [Three] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Engel*, No. 121384, at 7. Engel fails to demonstrate the Supreme Court of Virginia's conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)–(2).

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v.*

13

*Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Engel simply fails to demonstrate that the argument that no liquid hit Vaughan is stronger than the arguments that counsel chose to advance on appeal.[7] Accordingly, Claim Three will be DISMISSED because Engel fails to demonstrate any deficiency of appellate counsel.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Engel's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

---

[7] On appeal counsel argued that "[t]he Circuit Court erred in convicting appellant of assault on a law-enforcement officer because the evidence was insufficient to prove the requisite intent to commit the assault." Petition for Appeal at 3, *Engel v. Commonwealth*, No. 1659-10-1 (Va. Ct. App. filed Nov. 9, 2010).

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Engel fails to meet this standard.

An appropriate Final Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

Date: 7-24-14
Richmond, Virginia

15